12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin Eugene GROTE, Plaintiff-Appellant,
v.
Kenneth MCGINNIS; John Prelesnik; Lodain Hopkins; the
Resident Benefit Council, Defendants-Appellees.
 No. 92-1802.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1993.
 
 W.D.Mich., No. 91-000547, Enslen, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: MILBURN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 4
 Kevin Eugene Grote, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking monetary relief, Grote sued multiple prison officials and prisoners contending that defendants negligently failed to return food items to a vendor which had been purchased by two relatives. When he sought a refund for the items from the Prisoner's Benefit Fund, the Resident Benefit Council, which reviews such requests and is composed of both prison officials and inmates, denied the request. Grote claimed that the defendants' actions violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment. He did not state in what capacity he sued the state officials.
 
 
 6
 The parties filed cross-motions for summary judgment. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants.
 
 
 7
 In his timely appeal, Grote continues to argue the merits of his claim. He requests reimbursement for costs and fees incurred in this appeal.
 
 
 8
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the non-moving party must present significant probative evidence establishing a genuine issue of material fact. See Celotex Corp., 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 9
 Upon de novo review, we affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Because Grote did not state in what capacity he was suing the individual state defendants, the state defendants are considered as being sued in their official capacities. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). Therefore, they are not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). The Prison Benefit Council is likewise immune from suit under the Eleventh Amendment for monetary damages. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 n. 11 (1984); Abick v. Michigan, 803 F.2d 874, 876-77 (6th Cir.1986).
 
 
 10
 Accordingly, we deny the request for costs and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation